UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MORRIS J. GREEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2896** |
| **MARLIN N. GUSMAN, et al.** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court is Plaintiff Morris J. Green's ("Plaintiff") objection[1] to the March 28, 2013, Report and Recommendation of the United States Magistrate Judge assigned the case.[2] Plaintiff, a state prisoner who was formerly confined to the Orleans Parish Prison filed a complaint against Orleans Parish Sheriff Marlin N. Gusman and "The Medical Department" (collectively, "Defendants") pursuant to 42 U.S.C. § 1983, alleging that he lost his hearing when a gun was shot near his ear and that he was denied adequate medical care.[3] The Magistrate Judge recommends that the Court dismiss with prejudice Plaintiff's complaint for want of prosecution.[4] Plaintiff objects to the Magistrate Judge's Report and Recommendation arguing that Orleans Parish Prison was aware of his transfer.[5] He also contends that he could not notify the Court of his change of address because he was not allowed to write or use the telephone immediately following his transfer to Elayn Hunt Correctional Center.[6] After reviewing the complaint, the Magistrate Judge's Report and

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 12.

[3] Rec. Doc. 1.

[4] Rec. Doc. 12.

[5] Rec. Doc. 17 at 2.

[6] *Id.*

1

Recommendation, Plaintiff's objections, the record, and the applicable law, for the following reasons, the Court will sustain Plaintiff's objections, reject the Report and Recommendation issued by the Magistrate Judge, and order the Magistrate Judge to prepare a Report and Recommendation for the Court on the merits of Plaintiff's complaint.

## I. Background

### A. *Factual Background*[7]

Plaintiff is a state prisoner, who was confined to Orleans Parish Prison at the time of his complaint.[8] On October 18, 2012, at approximately 10:30 p.m., "SOD" came into his unit "shooting with a shot gun next to [his] ear drum."[9] They ordered the prisoners to take their clothes off, get into the shower and put their hands on their head.[10] Plaintiff contends he was scared and feared for his life.[11] Plaintiff lost his hearing and experienced ringing in his ears.[12] He asserts that he was denied medical care.[13]

### B. *Report and Recommendation Findings*

On January 18, 2013, the Magistrate Judge issued an order directing Plaintiff to file in writing his current address on or before February 22, 2012.[14] The Order indicated that Plaintiff's

---

[7] The following background derives from Plaintiff's complaint, and the Court will consider allegations as true for the purposes of considering Plaintiff's objections.

[8] Rec. Doc. 6 at 2.

[9] *Id*. at 4.

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] Rec. Doc. 10 at 2.

2

complaint would be dismissed with prejudice if Plaintiff did not comply.[15]

On February 26, 2013, the Magistrate Judge recommended that Plaintiff's complaint be dismissed with prejudice for failure to prosecute.[16] The Magistrate Judge cited this Court's Local Rules which provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change."[17] The Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.[18]

The Magistrate Judge noted that mail from the Magistrate Judge addressed to Plaintiff at the Templeman Unit of the Orleans Parish Prison, his address of record, was returned by the United States Postal Service as undeliverable on January 16, 2013.[19]

The Magistrate Judge found that Plaintiff was aware of his obligation to keep the Court informed of his current address, noting that in his complaint Plaintiff expressly declared: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[20] Accordingly, the Magistrate Judge found it appropriate to dismiss Plaintiff's complaint for want of

---

[15] *Id.*

[16] Rec. Doc. 12.

[17] *Id.* at 1 (citing Local Rule 11.1).

[18] *Id.* (citing Local Rule 41.3.1.

[19] *Id.*

[20] *Id.* (citing Rec. Doc. 6 at 5).

prosecution.[21] The Magistrate Judge noted that Plaintiff's failure to file written objections to the Report and Recommendation within fourteen days after being served with a copy would bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[22]

## **II. Objections**

### *A. Plaintiff's Objections*

On April 12, 2013, Plaintiff filed a Notice of Change of Address with the Court, indicating he was transferred to Elayn Hunt Correctional Center.[23] On May 1, 2013, Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation.[24] He argues that Orleans Parish Prison was aware of his transfer.[25] He also contends that he could not notify the Court of his change of address because he was not allowed to write letters or use the telephone immediately following his transfer to Elayn Hunt Correctional Center.[26]

### *B. State's Response*

On May 6, 2012, the State filed a reply to Plaintiff's objections.[27] The State contends that Plaintiff's "consistent inability to abide by the Local Rules and the Court's various deadlines,

---

[21] *Id.* (citing *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988; FED. R. CIV. P. 41(b))).

[22] *Id.* at 3 (citing 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc)).

[23] Rec. Doc. 15.

[24] Rec. Doc. 17.

[25] *Id.* at 2.

[26] *Id.*

[27] Rec. Doc. 18.

coupled with the fact that plaintiff's Objection was filed significantly past the deadline for consideration, compel this Court to find ample cause to dismiss plaintiff's claims against defendant Sheriff Gusman for failure to prosecute."[28] The State contends it is within the Court's discretion to give no weight to the arguments made in an untimely pleading.[29]

## C. *Plaintiff's Reply*

On May 13, 2013, Plaintiff filed a reply memorandum. Plaintiff contends he was on suicide watch until April 9, 2013, and did not have access to "legal material" or the telephone during that time.[30] Plaintiff acknowledges it was appropriate for the Magistrate Judge to dismiss his complaint.[31] However, he requests that the Court excuse his late filing and address his case on the merits.[32]

On April 25, 2014, Plaintiff filed a notice of change of address into the record, indicating he was transferred to Dixon Correctional Center.[33]

## III. Standard of Review

When designated by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend their disposition to the District Court Judge in accordance with the Magistrate Judge's findings of fact and determinations of law.[34] A District Judge "may accept, reject, or modify the recommended disposition" of a

---

[28] *Id.* at 2.

[29] *Id.* (citing *Frick v. Quinlin*, 631 F.2d 37, 40 (5th Cir. 1989).

[30] Rec. Doc. 19 at 1.

[31] *Id.* at 2.

[32] *Id.*

[33] Rec. Doc. 21.

[34] 28 U.S.C. § 636(b)(1)(B).

5

Magistrate Judge on a dispositive matter.[35]  The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[36] However, a District Court's review is limited to plain error of parts of the report which are not properly objected to.[37]

### IV.  Law and Analysis

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. The Federal Rules of Civil Procedure specifically provide that a court may dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits.[38] The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.[39]

In *Johnson v. Pettiford*, the Fifth Circuit Court of Appeals held that a district court erred in dismissing with prejudice a *pro se habeas corpus* petition for failure to respond to a motion to dismiss as required by a local rule.[40] The Fifth Circuit noted that although the petitioner had not responded to a motion to dismiss for two months, the district court had not explored whether less severe sanctions would suffice and there was no "clear record of delay or contumacious conduct."[41]

---

[35] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[36] Fed. R. Civ. P. 72(b)(3).

[37] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[38] FED. R. CIV. P. 41(b).

[39] *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976).

[40] *Johnson v. Pettiford*, 442 F.3d 917, 919 (5th Cir. 2006).

[41] *Id.*

In *Curtis v. Quarterman*, the Fifth Circuit noted that "a delay warranting dismissal with prejudice must be longer than a few months and is characterized by 'significant periods of total inactivity.'"[42] "[D]ismissals with prejudice have generally been reserved for 'egregious and sometimes outrageous delays.'"[43] The Fifth Circuit held that a district court's dismissal of a *habeas corpus* petition constituted an abuse of discretion where the petitioner failed to reply to a motion for summary judgment within 30 days but there was not a "clear record of purposeful delay or contumacious conduct." The court noted that the petitioner claimed his untimely response was attributable to the lockdown of his prison unit, which left him with no legal aid or legal supplies.[44]

In the instant case, Plaintiff argues that he did not have access to mail or the telephone when he was initially transferred to Elayn Hunt Correctional Center because he was on suicide watch until April 9, 2013. Plaintiff filed a notice of change of address on April 12, 2013, only three days later. Further, Plaintiff did not receive notice of the January 18, 2013 Order directing him to file his change of address on or before February 22, 2013, or notice of the Report and Recommendation, directing him to file objections within fourteen days.[45]

Based on the foregoing, the Court rejects the Magistrate Judge's recommendation of dismissal in this case. There is no clear record of delay or contumacious conduct. Accordingly, upon *de novo* review, the Court sustains Plaintiff's objections, rejects the Report and Recommendation issued by the Magistrate Judge, and orders the Magistrate Judge to prepare a Report and

---

[42] *Curtis v. Quarterman*, 340 F. App'x 217, 218 (5th Cir. 2009). *Id.* (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008).

[43] *Id.*

[44] *Id.*

[45] Rec. Docs. 11 and 16 (mail returned as undeliverable).

Recommendation for the Court on the merits of Plaintiff's complaint.

## V. Conclusion

For the foregoing reasons, the Court rejects the Magistrate Judge's Report and Recommendation. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **SUSTAINED**;

**IT IS FURTHER ORDERED** that the Court **REJECTS** the Report and Recommendation issued by the Magistrate Judge;

**IT IS FURTHER ORDERED** that the Magistrate Judge prepare a Report and Recommendation for the Court on the merits of Plaintiff's complaint.

**NEW ORLEANS, LOUISIANA,** this  30th   day of July, 2014.

                                      *Nannette Jolivette Brown*
                                      **NANNETTE JOLIVETTE BROWN**
                                        **UNITED STATES DISTRICT JUDGE**