UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MORRIS J. GREEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2896** |
| **SHERIFF MARLIN N. GUSMAN, ET AL.** | **SECTION "G" (3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Morris J. Green, a state inmate, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Sheriff Marlin N. Gusman and the "Medical Department." In this lawsuit, plaintiff complained that he lost his hearing when a gun was shot near his ear and that he was denied adequate medical care.

On February 26, 2013, the undersigned issued a report recommending that this action be dismissed for failure to prosecute because plaintiff failed to keep the Court apprised of his current address and his whereabouts were unknown.[1] In April of 2013, plaintiff notified the Court of his current address[2] and thereafter filed objections to the foregoing report.[3] On July 31, 2014, the United States District Judge rejected the report and recommendation and ordered the undersigned

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 15.

[3] Rec. Doc. 17.

to prepare a report and recommendation addressing the merits of plaintiff's complaint.[4] Accordingly, the undersigned now recommends that plaintiff's complaint be dismissed on the merits for the following reasons.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[5] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;

---

[4] Rec. Doc. 22.

[5] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

2

> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing the complaint,[6] the undersigned recommends that, for the following reasons, plaintiff's complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## II. Plaintiff's Claims

In its entirety, plaintiff's statement of his claims in his complaint was as follows:

---

[6] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

> I Morris J. Green #2334960 was house in tnt-8 on date 10/18/12 at approx 10:30 p.m. "SOD" who works for Sheriff Gusman they came in shooting with a shot gun next to my ear drum demanding everyone to take there clothes off get into shower put our hands on our head. I was scared & fear for my life shaken up this was cruel & unusual punishment by means of an illegal search and firing an (2) shot with a gun toward my ear then couldn't hear anything went dead. I ask for medical but instead they moved to another tents housing on tnt 7 now. I lost my hearing a lot it ringing also. They've violated my institutional rights. I ask go to doctor they refused. Just moved to another tier. My ear I cannot hear out only a little bit.[7]

The only defendants plaintiff sued were Sheriff Gusman and the "Medical Department."[8]

### A. Sheriff Gusman

As to any claim asserted against Sheriff Gusman in his official capacity, it must be noted that "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Gusman would in reality be a claim against the local governmental body itself. Picard v. Gusman, Civ. Action No. 12-1966, 2012 WL 6504772, at *4 (E.D. La. Nov. 26, 2012), adopted, 2012 WL 6504528 (E.D. La. Dec. 13, 2012); Alexander v. City of Gretna, Civ. Action No. 06-5405, 2010 WL 3791714, at *3 (E.D. La. Sept. 17, 2010); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2-3 (E.D. La. Feb. 22, 2010). However, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue

---

[7] Rec. Doc. 6, p. 4.

[8] Rec. Doc. 6, pp. 1 and 4.

4

> or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff did not allege that his rights were violated as a result of a policy or custom, much less identify such a policy or custom. For that reason, it is clear that he failed to state a proper claim against Gusman in his official capacity.

Plaintiff likewise did not state a proper claim against Gusman in his individual capacity. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Plaintiff did not allege that Sheriff Gusman was personally involved in, or was even aware of, the incidents which gave rise to the claims in this lawsuit. Moreover, although Gusman is a supervisory official, it is clear that he may not be held liable pursuant to § 1983 under any theory of strict

5

liability[9] or vicarious liability[10] for federal civil rights violations allegedly committed by his subordinates.

For all of these reasons, the claims against Sheriff Gusman should be dismissed.

### B. "Medical Department"

As noted, plaintiff has also named the "Medical Department" as defendant in this action. However, the "Medical Department" is not a distinct, juridical entity capable of being sued. Taylor v. Louisiana, Civ. Action No. 12-44, 2012 WL 6606961, at *2 (E.D. La. July 10, 2012), adopted, 2012 WL 6600553 (E.D. La. Dec. 18, 2012); Spriggins v. Orleans Parish Prison, Civ. Action No. 10-3219, 2010 WL 5525079, at *3 (E.D. La. Nov. 23, 2010), adopted, 2011 WL 39011 (E.D. La. Jan. 5, 2011); Jiles v. Orleans Parish Prison Medical Clinic, Civ. Action No. 09-8426, 2010 WL 3584059, at *2 (E.D. La. Sept. 7, 2010); Jacobson v. Gusman, Civ. Action No. 09-3695, 2009 WL 2870171, at *2 (E.D. La. Aug. 10, 2009), adopted, 2009 WL 2957961 (E.D. La. Aug. 26, 2009); see also Brewin v. St. Tammany Parish Correctional Center, No. 08-0639, 2009 WL 1491179, at *2 (W.D. La. May 26, 2009) ("[A] 'department' within a prison facility is not a 'person' under § 1983."); Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005);

---

[9] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[10] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

6

Oladipupo v. Austin, 104 F. Supp. 2d 626, 641-42 (W.D. La. 2000). Accordingly, the claims against the "Medical Department" should also be dismissed.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[11]

New Orleans, Louisiana, this ninth day of September, 2014.

                                          **DANIEL E. KNOWLES, III**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[11] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.