UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MORRIS J. GREEN** | **CIVIL ACTION** |
| **VERSUS** | **NO.  12-2896** |
| **MARLIN N. GUSMAN, et al.** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court are Plaintiff Morris J. Green's ("Plaintiff") objections[1] to the September 9, 2014, Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Plaintiff, a state prisoner who was formerly confined to the Orleans Parish Prison, filed a complaint against Orleans Parish Sheriff Marlin N. Gusman ("Gusman") and the "Medical Department" (collectively, "Defendants") pursuant to 42 U.S.C. § 1983, alleging that he lost his hearing when a gun was shot near his ear and that he was denied adequate medical care.[3] The Magistrate Judge recommends that the Court dismiss Plaintiff's complaint with prejudice as frivolous and/or for failing to state a claim on which relief may be granted.[4] Plaintiff objects to the Magistrate Judge's Report and Recommendation, arguing that his complaint should not be dismissed.[5] After reviewing the complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's objections, the record, and the applicable law, for the following reasons, the Court will overrule Plaintiff's objections, adopt the Report and Recommendation issued by the Magistrate Judge, and dismiss

---

[1] Rec. Doc. 24.

[2] Rec. Doc. 23.

[3] Rec. Doc. 1.

[4] Rec. Doc. 23 at 7.

[5] Rec. Doc. 24.

1

Plaintiff's complaint with prejudice.

## I. Background

### A. Factual Background[6]

Plaintiff is a state prisoner, who was confined to Orleans Parish Prison at the time of his complaint.[7] According to Plaintiff, on October 18, 2012, at approximately 10:30 p.m., "SOD" came into his unit "shooting with a shot gun next to [his] ear drum."[8] Plaintiff alleges that "SOD" ordered "everyone" to take their clothes off, get into the shower and put their hands on their head.[9] Plaintiff contends he was scared and feared for his life.[10] Plaintiff asserts that he lost his hearing and experienced ringing in his ears.[11] He also alleges that he was denied medical care for his ear condition.[12]

### B. Procedural Background

On February 26, 2013, the Magistrate Judge recommended that Plaintiff's complaint be dismissed with prejudice for failure to prosecute because Plaintiff had failed to keep the Court apprised of his current address.[13] The Magistrate Judge noted that mail from the Court addressed to Plaintiff at the Templeman Unit of the Orleans Parish Prison, his address of record, was returned by

---

[6] The following background derives from Plaintiff's complaint, and the Court will consider allegations as true for the purposes of considering Plaintiff's objections.

[7] Rec. Doc. 6 at 2.

[8] *Id*. at 4.

[9] *Id*.

[10] *Id*.

[11] *Id*.

[12] *Id*.

[13] Rec. Doc. 12.

2

the United States Postal Service as undeliverable on January 16, 2013.[14] In April of 2013, Plaintiff notified the Court of his current address,[15] and filed objections to the Report and Recommendation.[16] On July 31, 2014, this Court rejected the Report and Recommendation finding that dismissal was not appropriate because there was no clear record of delay or contumacious conduct, and ordered the Magistrate Judge to prepare a Report and Recommendation addressing the merits of Plaintiff's complaint.[17]

### C. *Report and Recommendation Findings*

On September 9, 2014, the Magistrate Judge issued his second Report and Recommendation in this case.[18] The Magistrate Judge recommended that Plaintiff's claim against Gusman in his official capacity be dismissed because Plaintiff did not allege that his rights were violated as a result of a policy or custom.[19] The Magistrate Judge also recommended that Plaintiff's claim against Gusman in his individual capacity be dismissed because Plaintiff did not allege that Gusman was personally involved in, or even aware of, the incidents which gave rise to the claims in this lawsuit.[20] The Magistrate Judge noted that a supervisory official may not be held liable under any theory of strict liability or vicarious liability for federal civil rights violations allegedly committed by his subordinates.[21] Accordingly, the Magistrate Judge found that all of Plaintiff's claims against Gusman

---

[14] *Id.* at 1.

[15] Rec. Doc. 15.

[16] Rec. Doc. 17.

[17] Rec. Doc. 22 at 7–8.

[18] Rec. Doc. 23.

[19] *Id.* at 4–5.

[20] *Id.* at 5.

[21] *Id.* at 5–6.

3

should be dismissed.[22]

As for Plaintiff's claims against the "Medical Department," the Magistrate Judge found that it is not a distinct, juridical entity capable of being sued.[23] Accordingly, the Magistrate Judge recommended that Plaintiff's claim against the "Medical Department" be dismissed.[24]

## D.  Plaintiff's Objections

On October 1, 2014, Plaintiff filed objections to the Magistrate Judge's second Report and Recommendation.[25] Plaintiff acknowledges that Gusman was not present during the events in question, but he asserts that Gusman is "over the jailed" and responsible for problems arising in Orleans Parish Prison.[26] Plaintiff asserts that he wrote Gusman to inform him of the incident, but Gusman did nothing to investigate the matter.[27] Plaintiff contends that the "Medical Department" denied him medical care.[28] According to Plaintiff, he received inadequate medical care from the entire medical staff.[29] Accordingly, Plaintiff assets that his complaint should not be dismissed because he "sued the right proper people."[30]

---

[22] *Id.* at 6.

[23] *Id.*

[24] *Id.* at 7.

[25] Rec. Doc. 24.

[26] *Id.* at 2.

[27] *Id.*

[28] *Id.* at 4.

[29] *Id.*

[30] *Id.* at 5.

## II. Standard of Review

### A. *Review of the Magistrate Judge's Report and Recommendation*

When designated by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend his/her disposition to the district court judge in accordance with the Magistrate Judge's findings of fact and determinations of law.[31] A district judge "may accept, reject or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[32] The district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[33] However, a district court's review is limited to plain error of parts of the report that are not properly objected to.[34]

### B. *Standard for Frivolousness*

A district court has broad discretion in determine the frivolous nature of a prisoner's complaint.[35] A complaint is frivolous if it lacks an arguable basis in law or fact.[36] A claim has no arguable basis in law if "it is based on indisputable meritless legal theory."[37] It lacks a basis in fact if "the facts alleged are clearly baseless."[38] If a court finds that a prisoner's claims are frivolous, the

---

[31] 28 U.S.C. § 636(b)(1)(B).

[32] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[33] Fed. R. Civ. P. 72(b)(3).

[34] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[35] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

[36] *Id.*

[37] *Id.*

[38] *Id.*

court must dismiss the claims *sua sponte*.[39]

### III.  Law and Analysis

*A.     Claims against Supervisory Defendant, Marlin Gusman*

Plaintiff objects to the Magistrate Judge's finding that his claims against Gusman in both his official capacity and individual capacity should be dismissed. Therefore, this Court considers the issue *de novo*.

**1. Claim Against Gusman in His Official Capacity**

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."[40] "In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom 'was a cause in fact of the deprivation of rights inflicted.'"[41] The plaintiff "must allege that the custom or policy served as the moving force behind the [constitutional] violation at issue, or that [his] injuries resulted from the execution of the official policy or custom."[42] The plaintiff must identify a policy or custom that caused him a constitutional deprivation.[43]

Here, Plaintiff does not allege that his rights were violated as a result of a policy or custom. Further, Plaintiff does not identify any policy or custom that caused him a constitutional deprivation.

---

[39] *See* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c).

[40] *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999).

[41] *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir.1994)).

[42] *Id.* (internal citations and quotation marks omitted).

[43] *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003).

Accordingly, on *de novo* review, the Court adopts the Magistrate Judge's recommendation that Plaintiff's claim against Gusman in his official capacity be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

**2. Claim Against Gusman in His Individual Capacity**

Supervisory officials cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights.[44] The Fifth Circuit has held that "vicarious liability cannot be the basis for recovery against a sheriff for the acts of his subordinates in a suit under [] 42 U.S.C. § 1983 . . . [unless] there is *personal involvement* of the [supervisory] officer being sued."[45] The Fifth Circuit has construed personal involvement to include omissions and breaches of duty, where such omissions or breaches of duty proximately cause a plaintiff's injuries.[46]

Plaintiff does not alleged that Gusman was present for, or personally involved in the October 18, 2012 incident.[47] Further, Plaintiff does not allege that he suffered any injury as a result of any directive, supervised training or activity, or other policy set forth by Gusman which would create vicarious liability.[48] Accordingly, on *de novo* review, the Court adopts the Magistrate Judge's recommendation that Plaintiff's claim against Gusman in his individual capacity be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to

---

[44] *Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999).

[45] *Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980) (citing *Baskin v. Parker*, 602 F.2d 1205 (5th Cir. 1979)) (emphasis added).

[46] *See e.g., Hinshaw v. Doffer*, 785 F.2d 1260 (5th Cir. 1986) ("Although supervisory officials cannot be held [vicariously liable], they may be liable when their own actions or inaction, including a failure to supervise that amounts to gross negligence or deliberate indifference, is a proximate cause of the constitutional violation.").

[47] *See Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

[48] *See Thompson v. Upshur County, TX*, 245 F.3d 477, 459 (5th Cir. 2001).

28 U.S.C. § 1915A(b)(1).

### B.     *Claim Against The Medical Department*

Plaintiff objects to the Magistrate Judge's finding that his claim against the "Medical Department" should be dismissed. Title 42 U.S.C. § 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law."[49] Courts have recognized that a medical department is not a distinct, juridical entity capable of being sued.[50] Accordingly, on *de novo* review, the Court adopts the Magistrate Judge's recommendation that Plaintiff's claim against the "Medical Department" be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

---

[49] 42 U.S.C. § 1983; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).

[50] *See Taylor v. Louisiana*, Civ. Action No. 12-44, 2012 WL 6606961, at *2 (E.D. La. July 10, 2012), adopted, 2012 WL 6600553 (E.D. La. Dec. 18, 2012); *Spriggins v. Orleans Parish Prison*, Civ. Action No. 10-3219, 2010 WL 5525079, at *3 (E.D. La. Nov. 23, 2010), adopted, 2011 WL 39011 (E.D. La. Jan. 5, 2011); *Jiles v. Orleans Parish Prison Medical Clinic*, Civ. Action No. 09-8426, 2010 WL 3584059, at *2 (E.D. La. Sept. 7, 2010); *Jacobson v. Gusman*, Civ. Action No. 09-3695, 2009 WL 2870171, at *2 (E.D. La. Aug. 10, 2009), adopted, 2009 WL 2957961 (E.D. La. Aug. 26, 2009); *Brewin v. St. Tammany Parish Correctional Center*, Civ. Action No. 08-0639, 2009 WL 1491179, at *2 (W.D. La. May 26, 2009); *Martinez v. Larpenter*, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); *Oladipupo v. Austin*, 104 F. Supp. 2d 626, 641-42 (W.D. La. 2000).

### IV. Conclusion

For the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation issued by the Magistrate Judge;

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

**NEW ORLEANS, LOUISIANA,** this  26th  day of August, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**